FILED
JAN 22 2013
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

# UNITED STATES DISTRICT COURT
for the
Southern District of Illinois

Anthony "TJ" Booker )
*Plaintiff(s)* )
v. ) Case Number: 13-cv-71-JPG/pmf
Illinois Department of ) (To be supplied by Clerk's Office)
Human Services, Division of )
*Defendant(s)* and )
Rehabilitation Services (DORS) )

## EMPLOYMENT DISCRIMINATION COMPLAINT

Plaintiff brings a complaint against IL Division of Rehabilitation Services and IL Dept of Human Services [defendant(s)] for discrimination as set forth below.

Plaintiff ☑DOES ◯DOES NOT demand a jury trial.

### I. PARTIES

Name and Address of Plaintiff:

Anthony "TJ" Booker
886 Biersdorf Street
Carbondale, Illinois 62901

Name and Address of Defendant(s):
Department of Rehabilitative Services (DORS)
~~309 East Jackson St.~~
~~Carbondale, IL 62901~~
342 North St., Suite D
Murphysboro, IL 62966

(Rev. 4/2010)    -1-

The plaintiff was:

○ denied employment by the defendant(s).

○ hired and is still employed by the defendant(s).

☑ employed but is no longer employed by the defendant(s).

The alleged discrimination began on or about: __4 – 12 – 10__ (give month, day, and year).

## II. JURISDICTION

1. Jurisdiction over this claim is based on 28 U.S.C. § 1331. Plaintiff alleges that the defendant(s) discriminated against Plaintiff because of Plaintiff's:

    ☐ **Sex** (Title VII of the Civil Rights Act of 1967, as amended, 42 U.S.C. § 2000e-5)

    ☐ **Race** (Title VII of the Civil Rights Act of 1967, as amended, 42 U.S.C. § 2000e-5, and/or 42 U.S.C. § 1981)

    ☐ **Age** (The Age Discrimination in Employment Act, 29 U.S.C. § 621)

    ☑ **Disability** (The Americans with Disabilities Act, 42 U.S.C. § 12101 and/or The Rehabilitation Act, 29 U.S.C. § 701)

    ☐ **National Origin** (Title VII of the Civil Rights Act of 1967, as amended, 42 U.S.C. § 2000e-5)

    ☐ **Religion** (Title VII of the Civil Rights Act of 1967, as amended, 42 U.S.C. § 2000e-5)

    ☑ **Other** (list): __Retaliation – Rehabilitation Act of 1974__

2. Plaintiff ☑ Has ○ Has Not filed a charge before the United States Equal Employment Opportunity Commission (EEOC) relating to this claim of employment discrimination. **[Attach a copy of charge to this complaint].**

    Plaintiff ○ Has ☑ Has Not filed a charge before the Illinois Department of Human Rights relating to this claim of employment discrimination. **[Attach a copy of charge to this complaint].**

3. Plaintiff's Right to Sue Notice from the EEOC was received on or about __10/31/12__ (date). **[Attach a copy of Notice of Right to Sue to this complaint].**

### III. STATEMENT OF LEGAL CLAIM

Plaintiff is entitled to relief in this action because:

Defendant failed to provide adequate and timely accommodation to disabled employee and failed to provide accommodation evaluation, retaliated against disabled employee (plaintiff) and then unlawfully terminated the plaintiff.

### IV. FACTS IN SUPPORT OF CLAIM

State here briefly and clearly as possible the essential facts of your claim. Take time to organize your statement. You may use numbered paragraphs if you find it helpful. Describe precisely how each defendant in this action is involved. Give dates and places. Concentrate on describing as clearly and simply as possible the employment practice you allege to be illegal and how it discriminated against you. It is not necessary to make legal arguments or cite any cases or statutes. In most circumstances, this only makes your claim difficult to understand. As much as possible, let the facts speak for themselves.

The Plaintiff was hired to provide services by DRS to brain injured clients. The Defendant was aware of the fact that the plaintiff had experienced a traumatic brain injury and was a client of DRS at time of hiring. The plaintiff was able to complete a B.S. in Therapeutic Recreation and a M.S. in Rehabilitation Counseling, and was nationally certified as an Rehabilitation Counselor with assistance and accommodation by the SIU Rehabilitation Institute/advisor.

The plaintiff was hired in April 12, 2010 as a Rehabilitation Counselor Trainee (RCT) and began training with a senior Rehabilitation Counselor, Mr. Tony Jones and received a favorable performance review in Aug 201. In October 2010, Keo Sabengsy took over training (six months after hire). In December 2010, I requested reasonable accommodations as well as asking what accommodations might be available.

(Rev. 4/2010) -3-

(over)

Human Resources requested that he receive an accommodation evaluation (which was never scheduled and performed).

In April 2011, I finally was provided a job coach as a reasonable accommodation. The coach was a retired Senior Rehabilitation Counselor

On or around July 10, 2011, the job coach (Bonnie Klockenga) stated to supervisor (Leo Sabengsy) Mr. Bryce Hampton and Asst. Bureau Chief DRS (Claire Smith) that I should be certified as a rehabilitation counselor.

On August 11, 2011, I was terminated for inability to perform basic duties of the job.

## V. RELIEF YOU REQUEST

Based on the foregoing, Plaintiff seeks the following relief: (check below what you want the court to do for you – make as many checks as you like, and use additional sheets, if necessary).

- [ ] An award of back pay
- [✓] Reinstatement to Plaintiff's old position as a "certified" rehabilitation counselor
- [✓] Costs of suit (but not attorney fees)
- [✓] An award of money damages
- [✓] Other (explain below)

\* Time off as accrued (would have accrued) from 8-11-11 to present

\* Any legal fees, charges resulting from filing this charge.

Signed on: Jan 20, 2013
(date)

886 Biersdorf
Street Address

Carbondale IL 62901
City, State, Zip

Signature of Petitioner

Anthony Lynn "TJ" Booker
Printed Name

NA
Signature of Attorney (if any)

(Rev. 4/2010)                -4-

# CERTIFICATE OF SERVICE

I certify that a copy of this Summons/Complaint was mailed/delivered to Illinois Department of Rehabilitative Services (DORS) on this date: _____1/22/13_____

_____
Signature

_Anthony L. Baxter_____
Printed Name

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

| | |
|---|---|
| IN THE MATTER OF ) | |
| ) | |
| **Anthony "TJ" Booker** ) | |
| ) | |
| COMPLAINANT ) | |
| ) | CHARGE NO.: 440-2012-01317 |
| AND ) | |
| ) | RECEIVED EEOC |
| **Illinois Department of Human Services,** ) | |
| **Division of Rehabilitation Services** ) | |
| ) | DEC 20 2011 |
| RESPONDENT ) | |
| | CHICAGO DISTRICT OFFICE |

### APPEARANCE

<u>Attorney Lauren M. Lowe and Equip for Equality</u>, hereby enter
(Name of law firm / attorney / non-attorney representative)

the Appearance of _____ <u>Anthony ("TJ") Booker</u> _____
(Name of Complainant or Respondent)

Complainant, and our Appearance as Complainant's attorney, and request that copies of all Pleadings, Orders, and other documents be served upon the undersigned for Complainant in lieu of service upon Complainant.

<u>Lauren M. Lowe</u>
Print name of attorney / non-attorney representative

<u>Equip for Equality,</u>
Firm Name

<u>20 North Michigan Avenue, Suite 300</u>
Address

| <u>Chicago</u> | <u>Illinois</u> | <u>60602</u> |
|---|---|---|
| City | State | Zip Code |

<u>(312) 895-7336</u>
Telephone

<u>(312) 341-0295</u>
Fax Number

DATED: <u>December 20, 2011</u>       By: <u>/s/ *Lauren M. Lowe*</u>
                                            Signature

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy act statement before completing this form.<br>Illinois Department of Human Rights and EEOC<br>State or local Agency, if any | [ ] FEPA<br>[X] EEOC | 440-2012-01317 |

| NAME (Indicate Mr., Ms., Mrs.) Mr. Anthony ("TJ") Booker | | HOME TELEPHONE (Include Area Code) (618) 713-0630 |
|---|---|---|
| STREET ADDRESS 886 Biersdorf Road | CITY, STATE AND ZIP CODE Carbondale, IL 62901 | DATE OF BIRTH August 4, 1978 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below).

| NAME Illinois Department of Human Services Division of Rehabilitation Services | NUMBER OF EMPLOYEES, MEMBERS 100 or more | TELEPHONE (Include Area Code): 618-457-2107 |
|---|---|---|
| STREET ADDRESS 309 East Jackson | CITY, STATE AND ZIP CODE Carbondale, IL 62901 | COUNTY Williamson |
| NAME | NUMBER OF EMPLOYEES, MEMBERS: | TELEPHONE (Include Area Code) |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box (es)) | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| [ ] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN | EARLIEST (ADEA/EPA) 4-12-10   LATEST (ALL) 8-11-11 |
| [X] RETALIATION   [ ] AGE   [X] DISABILITY   [ ] OTHER Pregnancy Act | [ ] CONTINUING ACTION |

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s))

1. This charge is authorized and instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.*, against the Illinois Department of Human Services, Division of Rehabilitation Services ("DORS," or, "Respondent").

2. At all relevant times, Complainant Anthony ("TJ") Booker was and is an individual with a disability within the meaning of the ADA due to the fact that he has a traumatic brain injury ("TBI"). Complainant is substantially limited in the major life activities of thinking, concentrating, typing, and writing. Complainant is also substantially limited in a major bodily function (neurological).

3. Respondent regarded Complainant as disabled.

4. Complainant is a qualified individual with a disability within the meaning of the ADA and is able to perform the essential functions for the job of Rehabilitation Counselor.

5. At all relevant times, Respondent was a covered employer under the ADA. DEC 2 0 2011

6. Respondent is an Illinois state agency that serves individuals with disabilities.

   **(Continued on Page 2)**

| [x] I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone Number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>/x/ _____<br>SIGNATURE OF COMPLAINANT         12/10/11 DATE |
| Date: 12/10/11   Charging Party: _____ | |

1

**Page 2 – Charge of Discrimination of Anthony "TJ" Booker versus Illinois Department of Rehabilitation Services**

7. Complainant began his employment with Respondent on or about April 12, 2010 as a Rehabilitation Counselor Trainee ("RCT") in Respondent's Carbondale office.

8. Complainant has Bachelor's degrees in Therapeutic Recreation and Health Education, and a Master of Science degree in Rehabilitation Counseling.

9. Complainant was hired as an RCT to serve consumers with traumatic brain injuries. The essential function of his position was to assess and reassess individuals with brain injuries and ensure that they received services to avoid unnecessary institutionalization.

10. Respondent was aware of Complainant's disability when it hired him, and in fact hired Complainant, in part, because of his disability. Respondent believed that, as a person with TBI, Complainant would bring a particular sensitivity to his interactions with consumers.

11. Respondent hired Complainant as a trainee, with the expectation that Complainant would become certified as a Rehabilitation Counselor within a year.

12. Respondent denied and delayed reasonable accommodations that Complainant requested-- accommodations that were necessary for Complainant to perform his job duties and become certified.

13. Complainant was under the supervision of three different individuals during his training period with Respondent, and these individuals gave Complainant different and inconsistent instructions.

14. Tony Jones, a Senior Rehabilitation Counselor, was the first person responsible for training Complainant. Mr. Jones assigned Complainant to provide services to clients with TBI, while Mr. Jones served clients with other disabilities.

15. Because Complainant shared the same disability as his clients, he was able to make strong personal connections and received a favorable performance review from Mr. Jones on August 31, 2010.

16. On or around October 1, 2010, Keo Sabengsy took over Complainant's training. Mr. Sabensgy dramatically increased Complainant's caseload during his training period by requiring Complainant to work with all clients, not just those with TBI.

17. Complainant's disability has weakened the right side of his body, making him type more slowly with his right hand, and causing him to make occasional typographical errors.

18. Mr. Sabengsy rejected any of Complainant's work that contained typographical errors and required Complainant to resubmit his work multiple times before he would approve it, causing a significant delay in Complainant's ability to complete his job duties.

19. Mr. Sabengsy made several discriminatory remarks about Complainant's disability, including likening Complainant to a person with an intellectual disability (which Complainant is not), and commenting to a coworker that Complainant could not remember things.

20. On or around December 2010, Complainant requested reasonable accommodations from Respondent, including permission to work with one assistant instead of multiple assistants; Complainant also sought Respondent's input on what accommodations might be available to him.

**Continued on Page 3**

### Page 3 – Charge of Discrimination of Anthony "TJ" Booker versus Illinois Department of Rehabilitation Services

21. Respondent's Human Resources representative suggested an accommodation evaluation for Complainant, but Complainant never received this evaluation, nor was he ever assigned to work with just one assistant.
22. Respondent waited months before providing any accommodations to Complainant. Respondent eventually offered Complainant a four-month extension of his RCT training period.
23. This additional four-month training period was not an effective accommodation, as it did not address Complainant's difficulty meeting Mr. Sabengsy's unreasonable expectations and unyielding and unjustified criticisms of nearly every aspect of Complainant's performance.
24. Finally, on or around April 2011, Respondent agreed to provide Complainant with a job coach.
25. Complainant was assigned a job coach named Bonnie Klockenga, herself a retired Rehabilitation Counselor, who for several months periodically shadowed Complainant as he worked with clients in the field and performed administrative duties in the office.
26. Ms. Klockenga kept detailed documentation of her work with Complainant and Complainant's progress.
27. Ms. Klockenga's reports of Complainant's work and progress were primarily positive; she praised Complainant's ability to establish a rapport with consumers and noted numerous examples of Complainant taking initiative to move his cases along.
28. Ms. Klockenga noted that one major barrier to Complainant obtaining certification was a restriction that Mr. Sabengsy had put in place of barring Complainant from finalizing service plans for consumers. This restriction significantly impeded Complainant's ability to perform his job duties by causing significant delays.
29. Complainant's previous supervisor, Mr. Jones, had permitted Complainant to finalize service plans.
30. Ms. Klockenga implored Mr. Sabengsy to allow Complainant to finalize service plans several times before this request was granted.
31. Ms. Klockenga also felt that Complainant required additional accommodations from Respondent, such as being able to work with one assistant.
32. Mr. Sabengsy denied Complainant's other accommodation requests.
33. Mr. Bryce Hampton eventually became Complainant's third supervisor.
34. Shortly before Mr. Hampton assumed supervisory responsibility for Complainant, a meeting was held on or around July 10, 2011 to discuss Complainant's performance.
35. Present at the July 10, 2011 meeting were Complainant, Ms. Klockenga, Mr. Sabengsy, Mr. Hampton, and Bureau Chief Claire Smith.
36. During the meeting, Ms. Smith asked Ms. Klockenga if she thought Complainant should become certified as a Rehabilitation Counselor. Ms. Klockenga answered yes.

**Continued on Page 4**

**Page 4 – Charge of Discrimination of Anthony "TJ" Booker versus Illinois Department of Rehabilitation Services**

37. Although the person responsible for monitoring Complainant's progress recommended his certification, Respondent did not certify Complainant.

38. Respondent terminated Complainant on August 11, 2011.

39. Complainant's accommodation requests were reasonable and would not have been an undue hardship on Respondent.

40. Had he received effective accommodations to which he was entitled under the ADA, Complainant would have been certified as a Rehabilitation Counselor.

41. In addition, had Complainant received the accommodations that Respondent ultimately did provide at the time that he requested the accommodations, he would have been certified as a Rehabilitation Counselor.

42. Rather than accommodate Complainant so that he could obtain a permanent position serving the clients with whom he connected due to his disability, Mr. Sabengsy imposed unreasonable expectations, unfairly criticized nearly every aspect of Complainant's job performance, denied Complainant reasonable accommodations, delayed providing Complainant with reasonable accommodations, and rendered Complainant's approved accommodations ineffective by continuing to impose unrealistic expectations and by rejecting the recommendations of Complainant's job coach.

43. Respondent unlawfully refused to certify Complainant because of his disability.

44. Respondent unlawfully terminated Complainant because of his disability.

45. Respondent unlawfully retaliated against Complainant by denying Complainant additional accommodations, refusing to certify Complainant, and by terminating Complainant, after Complainant engaged in the protected activity of requesting reasonable accommodations under the ADA.

46. Respondent's actions constitute:
    a. Discrimination under the Americans with Disabilities Act (ADA).
    b. Retaliation under the ADA.
    c. Unlawful Denial of Reasonable Accommodations under the ADA.
    d. Other violations based on disability.

47. Complainant files this charge within the 300-day requirement for violations of the ADA.

48. The unlawful employment practices complained of above were intentional and done with malice or reckless indifference to the federally protected rights of Complainant.

49. Complainant seeks all remedies available under the law, including, but not limited to, reinstatement to employment with Respondent, certification as a Rehabilitation Counselor, back pay, compensatory damages, and attorneys' fees.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 2\10\11   Charging Party: _____

EEOC Form 161 (11/09)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Anthony Booker<br>886 Biersdorf Road<br>Carbondale, IL 62901 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2012-01317 | Anna Bojda,<br>Investigator | (312) 869-8130 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

John P. Rowe     10/23/12
Enclosures(s)     John P. Rowe,
District Director     *(Date Mailed)*

cc:    ILLINOIS DEPARTMENT OF HUMAN SERVICES

## FILING SUIT IN COURT OF COMPETENT JURISDICTION

**PRIVATE SUIT RIGHTS:**

This issuance of this Notice of Right to Sue ends EEOC's process with respect to your charge. You may file a lawsuit against the respondent named in your charge within 90 days from the date you receive this Notice. Therefore you should **keep a record of this date**. Once this 90-day period is over, your right to sue is lost. If you intend to consult an attorney, you should do so as soon as possible. Furthermore, in order to avoid any question that you did not act in a timely manner, if you intend to sue on your own behalf, your suit should be filed **well in advance of the expiration of the 90-day period**.

You may file your lawsuit in a court of competent jurisdiction. Filing this Notice is not sufficient. A court complaint must contain a short statement of the facts of your case which shows that you are entitled to relief. Generally, suits are brought in the state where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.

You may contact EEOC if you have any questions about your rights, including advice on which court can hear your case, or if you need to inspect and copy information contained in the case file.

A lawsuit against a **private** employer is generally filed in the U.S. District Court.

A lawsuit under Title VII of the Civil Rights Act of 1964, as amended, against a **State agency or a political subdivision of the State** is also generally filed in the U.S. District Court.

However, a lawsuit under the Age Discrimination in Employment Act or the Americans with Disabilities Act or, probably, the Equal Pay Act against a **State instrumentality** (an agency directly funded and controlled by the State) **can only be filed in a State court**.

A lawsuit under the Age Discrimination in Employment Act or the Americans with Disabilities Act or the Equal Pay Act against a **political subdivision of the State**, such as municipalities and counties, may be filed in the U.S. District Court.

For a list of U.S. District Courts, please see reverse side.

IF THE FIRST THREE CHARACTERS OF YOUR EEOC CHARGE NUMBER ARE "21B" AND YOUR CHARGE WAS INVESTIGATED BY THE ILLINOIS DEPARTMENT OF HUMAN RIGHTS (IDHR), REQUEST FOR REVIEWING AND COPYING DOCUMENTS FROM YOUR FILE MUST BE DIRECTED TO IDHR.

**ATTORNEY REPRESENTATION:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the court having jurisdiction in your case may, assist you in obtaining a lawyer. If you plan to ask the court to help you obtain a lawyer, you must make this request of the court in the form and manner it requires. Your request to the court should be made well before the end of the 90-day period mentioned above. A request for representation does not relieve you of the obligation to file a lawsuit within this 90-day period.

**DESTRUCTION OF FILE:**

If you file suit, you or your attorney should forward a copy of your court complaint to this office. Your file will then be preserved. Unless you have notified us that you have filed suit, your charge file could be destroyed as early as six months after the date of the Notice of Right to Sue.

**IF YOU FILE SUIT, YOU OR YOUR ATTORNEY SHOULD NOTIFY THIS OFFICE WHEN THE LAWSUIT IS RESOLVED.**

5/11/2000